Dear Mayor Jefferson:
In your letter of March 23, 2005, you requested an opinion of the Attorney General's Office concerning the town of Clinton. Specifically, you asked:
 1. Once a city council agenda is posted, can items be removed or added by either members of the council or by the mayor?
 2. The chief of police is appointed by the mayor and approved by the council and serves a one year term. The current chief of police has served his one year term and is now serving one month appointments per orders of the council. If the council continuously turns down appointments recommended by the mayor, and continues the current chief of police on temporary one month appointments, can the mayor make the recommendation for the temporary chief of police?
 3. The same situation as the chief of police relating to the town clerk. The current town clerk is serving in a temporary position and has never been appointed by the mayor and is serving one month appointments per orders of the council. Can the mayor appoint a town clerk in a temporary or permanent (one year) appointment?
Louisiana Revised Statute 42:7 (A)(b)(ii), provides,
 "Such notice shall include the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at a meeting of a public body may take up a matter not on the agenda."
Therefore, if two-thirds of the present members approve, an addition or removal of an item may be made to a previously posted agenda.
For answers to questions two and three, we look to LSA-R.S.42:2 and Section 5 (3) of Act 804 of the 1993 Regular Legislative Session, which amended the town of Clinton's Charter.
LSA-R.S. 42:2 provides: "Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office."
The above statute allows for the Chief of Police to remain in office until his successor is inducted. However, the statute does not appear to apply to question three because, according to your request, the town clerk has never been appointed by the mayor to the position.
In addition, Section 5(3) of Act 804 states:
 "The mayor shall have the following powers, duties, and responsibilities . . . (3) Subject to applicable state law and ordinances, to appoint and remove municipal employees. However, appointment or removal of a nonelected chief of police, the municipal attorney, or any department head shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail."
As stated above, the mayor does have the power to appoint a new chief of police and town clerk; however, these appointments must be approved by the board of aldermen. Therefore, this issue must ultimately be resolved between the mayor and the council.
In conclusion, items may be removed or added to an agenda that has been previously posted by a two-thirds vote of the members present. Furthermore, we conclude that the mayor of Clinton may make appointments of the chief of police and town clerk as long as these appointments are approved by the board of aldermen.
We hope that this opinion answers all of your questions. If we can be of further assistance in this matter, please contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________________ CHARLES H. BRAUD, JR. Assistant Attorney General